**Will Riddell, OSB No. 195635**
1491 Commercial Street SE
Salem, Oregon 97301
Phone: (503) 269-8961
Email: will@riddell.lawyer
Attorney for Defendant Louis Lamp

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| **JOSEPH LUNA**, <br><br> Plaintiff, <br><br> v. <br><br> **FRANK KAIM; LOUIS LAMP; SEASIDE CIVIC AND CONVENTION CENTER,** <br><br> Defendants. | **Case No.** 3:26-cv-00398-SI <br><br> **DEFENDANT LOUIS LAMP'S MOTION TO DISMISS AND ALTERNATIVE MOTION TO MAKE MORE DEFINITE AND CERTAIN** <br> FRCP 12 (b) (6); FRCP 12 (e) <br><br> Oral argument requested |

**MOTION**

Pursuant to FRCP 12 (b) (6), Defendant Louis Lamp moves for an order dismissing Plaintiff's complaint because Plaintiff has failed to state a legally cognizable claim under 42 U.S.C. § 12182 and 42 U.S.C. § 12188. Alternatively, the Court should order Plaintiff to make the allegations more definite and certain under FRCP 12 (e). Defendant conferred with Plaintiff but the parties were unable to resolve this motion.

Dated April 10, 2026.

s/ Will Riddell
**Will Riddell, OSB No. 195635**
1491 Commercial Street SE
Salem, Oregon 97301
Phone: (503) 269-8961
Email: will@riddell.lawyer
Attorney for Defendant Louis Lamp

Page 1 – **Defendant Louis Lamp's Motion to Dismiss and Alternative Motion to Make More Definite and Certain**

**MEMORANDUM**

Plaintiff Joseph Luna commenced this action against the City of Seaside, Oregon, Frank Kaim, and Louis Lamp. Defendant Louis Lamp is the founder of a charitable character or "furry" group that hosts a convention at the Seaside Convention Center called "Get Out the Float." Everybody dresses up in various animal costumes and they host things like vendors and lighthearted fun activities or events (like a bounce house) and they donate proceeds from the event to local charities.

Plaintiff alleges that he is "an individual with a disability requiring the aid of a service animal" and that he attended the "Get Out the Float" convention in February of 2025. *See* Complaint at 4 § III; *see also id*. at 6 - 7. Plaintiff's complaint includes attachments like a note from urgent care stating that Plaintiff "suffers from diabetic neuropathy and diabetic retinopathy," which are conditions that affect the nervous system and eyes and sometimes cause mobility and vision impairments. *See* Complaint at 29. The "Doctor's Note" is dated about five months after the date of the convention.

Plaintiff's "service animal," named Scout, is a dog, apparently an Australian Cattle Dog. *See* Complaint at 6. Plaintiff's Complaint includes a certificate stating that Scout is actually an "emotional support animal." *See id*. at 30. Plaintiff's Complaint does not allege that Scout is trained to perform any specific tasks or how any possible tasks "directly relate to Plaintiff's disabilities of diabetic neuropathy and retinopathy." *See* 28 C.F.R. § 36.104 ("Service animal means any dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability... The work or tasks performed by a service animal must be directly related to the individual's disability."). The "Doctor's Note" is the only description of Plaintiff's disabilities provided in the Complaint, but it doesn't provide information about the tasks that Scout performs.

Page 2 – **Defendant Louis Lamp's Motion to Dismiss and Alternative Motion to Make More Definite and Certain**

Plaintiff alleges that while he was attending the GOTF convention in February of 2025, he was standing in the "middle of the hallway" and had to call his "service dog to come closer to me." *See* Complaint at 6. Plaintiff claims that Scout "noticed a person approaching and barked (one long bark lasting 3 to 4 seconds, not multiple barks)" and that Scout then "went into a sit position close to me." *See id.*

After that, Plaintiff claims that Defendant Frank Kaim told him "you need to remove your pet," and that Defendant Louis Lamp escorted Plaintiff out of the convention center. *See id.* Plaintiff decided to call the police, who told Plaintiff that "the event coordinator wanted [him] removed" but apparently took no other action. *See id.* at 7. Plaintiff then returned to the convention center and left Scout in the car, and alleges that Defendant Louis Lamp told him to leave again. *See id.* According to Plaintiff, Defendant Louis Lamp's reason for doing this was because Scout was "barking and growling all day" and acting aggressively, which caused at least one person to complain because they had a fear of dogs. *See* Complaint at 7. A letter was issued to Plaintiff explaining that Plaintiff has been permanently banned from attending the GOTF event for violating GOTF and convention center policies. *See* Complaint at 28.

Plaintiff's Complaint states that Plaintiff is requesting damages for "emotional distress" and "defamation of character." *See* Complaint at 4 § IV. At least as it is currently written, the Complaint doesn't appear to be stating a claim for something like intentional infliction of emotional distress or defamation. Plaintiff wrote these things in the section that describes "precisely what damages or other relief the plaintiff asks the court to order." The only claim alleged in the Complaint appears to be a violation of Plaintiff's "rights as an individual with a disability requiring the aid of a service animal," which would be a claim under Title III of the ADA. *See* 42 U.S.C. § 12182.

Page 3 – **Defendant Louis Lamp's Motion to Dismiss and Alternative Motion to Make More Definite and Certain**

**ARGUMENT**

A motion to dismiss under FRCP 12 (b) (6) "tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011). When deciding a motion to dismiss, courts accept as true all factual allegations in the complaint but not the legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Assuming the truth of the factual allegations, courts determine whether the complaint alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is "plausible" when the facts allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**A.    Plaintiff cannot recover damages under Title III of the ADA.**

First, Plaintiff's claim must be dismissed because it is a claim for damages, which is not an available remedy under Title III of the ADA. The remedies available for Plaintiff's claim are provided in 42 U.S.C. § 12188 (a) (1), which states that the "remedies and procedures set forth in section 2000a-3(a) of this title are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter." 42 U.S.C. § 12188 (a) (1). The remedies under 42 U.S.C. § 2000a-3 (a) are limited to "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order." 42 U.S.C. § 2000a-3 (a). Damages are not available as a remedy to a private individual. Instead, under 42 U.S.C. § 12188 (b) (2) (B), the Court may only award damages in an action under Title III of the ADA "when requested by the Attorney General." 42 U.S.C.A. § 12188 (b) (2) (B).

As mentioned above, Plaintiff's Complaint is requesting damages for "emotional distress" and "defamation of character" arising out of a violation of Title III of the ADA. *See* Complaint at 4. Since damages are not an available remedy under 42 U.S.C. § 12188 (a) (1) and 42 U.S.C. § 2000a-3 (a), Plaintiff has not stated a legally cognizable claim for relief. On top of that, even if Plaintiff was seeking "preventative relief" within the scope of 42 U.S.C. § 2000a-3 (a), the GOTF convention ended months ago and there are no ongoing discriminatory acts that could be prevented with an injunction. Consequently, either way, Plaintiff's claim should be dismissed under FRCP 12 (b) (6).

**B.      Plaintiff has not alleged facts to support the inference that Scout is a "service animal" as defined by 28 C.F.R. § 36.104.**

Separately, it appears that Plaintiff is mistakenly referring to Scout as a "service animal" when Scout is actually just an emotional support animal. As mentioned above, Plaintiff included a certificate stating that Scout is an "emotional support animal" – not a "service animal." *See* Complaint at 30. Under the regulations governing claims under Title III of the ADA, a "service animal" means "any dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability." 28 C.F.R. § 36.104. The regulations qualify this definition by stating that the "work or tasks performed by a service animal must be directly related to the individual's disability," and that "the provision of emotional support, well-being, comfort, or companionship do not constitute work or tasks for the purposes of this definition." 28 C.F.R. § 36.104.

Service animals may be removed from public places if the "animal is out of control and the animal's handler does not take effective action to control it," or if the animal does not have "a harness, leash, or other tether," unless those things cannot be used because of the handler's disability or the animal's tasks. 28 C.F.R. § 36.302 (c).

As mentioned above, Plaintiff's Complaint does contain a letter from urgent care (dated after the convention) stating that Plaintiff suffers from diabetic neuropathy and retinopathy – illnesses that affect mobility and vision. *See* Complaint at 29. However, Plaintiff does not allege any specific tasks that Scout was trained to perform, or how those tasks "directly relate" to Plaintiff's disabilities as required by 28 C.F.R. § 36.104. In fact, Plaintiff notably admits that Scout was wandering around in the hallway far enough away that he had to be called "to come closer to [Plaintiff]" just before he started barking. *See* Complaint at 6. If Scout was truly trained to assist Plaintiff with mobility, Plaintiff presumably would rely on Scout to move around instead of letting him roam freely in the hallways. The only "task" Plaintiff appears to claim Scout performs is barking at someone, but no facts are alleged to support an inference as to how barking is a task "directly related" to Plaintiff's disability. Simply alleging that he is a service animal is not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Either way, Plaintiff has not alleged sufficient facts to establish that Scout is a "service animal."

**CONCLUSION**

Plaintiff has not alleged a legally cognizable claim for relief, so the Complaint should be dismissed under FRCP 12 (b) (6). Alternatively, the Court should order Plaintiff to make the allegations more definite and certain under FRCP 12 (e). Defendant requests an award of attorney's fees and costs under 42 U.S.C. § 12205.

Dated April 10, 2026.

*s/ Will Riddell*

**Will Riddell, OSB No. 195635**
1491 Commercial Street SE
Salem, Oregon 97302
Phone: (503) 269-8961
Email: will@riddell.lawyer
Attorney for Defendant Louis Lamp

Page 6 – **Defendant Louis Lamp's Motion to Dismiss and
Alternative Motion to Make More Definite and Certain**

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **Defendant Louis Lamp's Motion to Dismiss and Alternative Motion to Make More Definite and Certain** on the following persons on **April 10, 2026**, in the manner described below:

|  |  |
|---|---|
| Melissa J. Healy<br>760 S.W. Ninth Ave., Suite 3000<br>Portland, Oregon 97205<br>Phone: 503-294-9263<br>Email: melissa.healy@stoel.com<br>Pro Bono Counsel for Plaintiff | □ by hand-delivery<br>□ by facsimile<br>□ by first class mail<br>□ by e-mail<br>X by electronic service |
| Kenneth S. Montoya<br>350 Mission Street SE, Suite 202<br>Salem, Oregon 97302<br>Phone: (503) 990-8436<br>Email: kenny@montoyalaw.org<br>Counsel for Defendant City of Seaside<br>and Defendant Frank Kaim | □ by hand-delivery<br>□ by facsimile<br>□ by first class mail<br>□ by e-mail<br>X by electronic service |

Dated April 10, 2026.

*s/ Will Riddell*

**Will Riddell, OSB No. 195635**
1491 Commercial Street SE
Salem, Oregon 97302
Phone: (503) 269-8961
Email: will@riddell.lawyer
Attorney for Plaintiffs