Kenneth S. Montoya, OSB #064467
*kenny@montoyalaw.org*
Keegan C. Murphy, OSB #194294
*keegan@montoyalaw.org*
Dallin M. Snyder, OSB#256020
*dallin@montoyalaw.org*
Montoya Law LLC
350 Mission St. SE, Suite 202
Salem, OR 97302
   Telephone: (503) 990-8436
   Fax: (503) 878-8598
Attorneys for Defendants Frank Kaim and City of Seaside

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JOSEPH LUNA,<br><br>   Plaintiffs,<br><br>  v.<br><br>FRANK KAIM, individually, LOUIS LAMP, GET OUT THE FLOAT LLC, FURLANDIA ASSOCIATION, CITY OF SEASIDE, and JOHN DOES I-X, individually,<br><br>   Defendants. | Case No. 3:26-CV-00398-SI<br><br>**CITY DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

For its Answer to Plaintiff's First Amended Complaint, Defendants Frank Kaim and City of Seaside ("City Defendants") hereby admit, deny, and allege as follows:

1. In response to paragraph 1, Plaintiff Joseph Luna ("Plaintiff") provides an introduction to Plaintiff's allegations in this action to which no response is required. To the extent any facts are alleged, deny.

Page 1 – **CITY DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

KENNETH S. MONTOYA
Montoya Law LLC
350 Mission St. SE, Ste 202
Salem, OR  97302
(503) 990-8436 / (503) 878-8598 (fax)
Kenny@Montoyalaw.org

2.      In response to paragraph 2, City Defendants are without sufficient knowledge or information to admit or deny and, on this basis, deny.

3.      In response to paragraph 3, admit that the City of Seaside, Oregon owns and operates the Seaside Civic and Convention Center ("SCCC") located at 415 First Avenue, Seaside, Oregon 97138. The remaining allegation in paragraph 3 is a legal conclusion to which no response is required.

4.      City Defendants admit paragraph 4.

5.      The allegations in paragraphs 5-8 are directed at other defendants and, as such, no response is required from City Defendants.

6.      Paragraphs 9-11 set forth Plaintiff's venue and jurisdiction, and City Defendants admit that venue and jurisdiction are appropriate in this court; however, City Defendants deny that any of their actions give rise to any claims asserted by Plaintiff.

7.      In response to paragraphs 12-24, City Defendants are without sufficient knowledge or information to admit or deny and, on this basis, deny.

8.      In response to paragraph 25, City Defendants admit that Plaintiff's dog, Scout, barked at a convention attendee, but deny that Scout only barked a single time. City Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 25 and, on this basis, deny.

9.      In response to paragraph 26, City Defendants are without sufficient knowledge or information to admit or deny and, on this basis, deny.

10.     In response to paragraph 27, City Defendants admit that Mr. Kaim approached Plaintiff but deny that he is a SCCC employee. The remaining allegations in paragraph 27 are directed at another defendant and, as such, no response is required from City Defendants.

Page 2 – **CITY DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

KENNETH S. MONTOYA
Montoya Law LLC
350 Mission St. SE, Ste 202
Salem, OR  97302
(503) 990-8436 / (503) 878-8598 (fax)
Kenny@Montoyalaw.org

11.    Deny paragraph 28.

12.    Paragraph 29 contains factual allegations directed towards another defendant to which no response is required from City Defendants. To the extent allegations are directed toward City Defendants, deny.

13.    In response to paragraph 30, City Defendants admit that Plaintiff claimed Scout was a service dog but deny that Mr. Kaim "inappropriately label[ed]" Scout a "pet"

14.    Deny paragraph 31.

15.    In response to paragraph 32, City Defendants are without sufficient knowledge or information as to Plaintiff's purpose in pulling out his phone and, on this basis, deny. City Defendants deny that Mr. Kaim remained with Plaintiff. The remaining allegations are directed towards another defendant to which no response is necessary. To the extent allegations are directed toward City Defendants, deny.

16.    Paragraphs 33 and 34 are directed toward other defendants and, as such, no response is required. To the extent allegations are directed toward City Defendants, deny.

17.    In response to paragraph 35, City Defendants admit Plaintiff contacted the Seaside Police Department. City Defendants are without sufficient knowledge or information to admit or deny the remaining allegations and, on this basis, deny.

18.    In response to paragraph 36, City Defendants admit that a Seaside Police Department officer called Plaintiff and told him he was not "trespassed" but that the event coordinator wanted him removed from the event held at the SCCC. City Defendants are without sufficient knowledge or information to admit or deny whether the call occurred "approximately ten minutes later," and, on this basis, deny.

Page 3 – **CITY DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

KENNETH S. MONTOYA
Montoya Law LLC
350 Mission St. SE, Ste 202
Salem, OR  97302
(503) 990-8436 / (503) 878-8598 (fax)
Kenny@Montoyalaw.org

19.     City Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraphs 37-39 and, on this basis, deny.

20.     In response to paragraph 40, admit that Plaintiff called the SCCC general manager who informed Plaintiff that Mr. Lois Lamp requested SCCC staff approach Mr. Luna.

21.     Paragraphs 41-63 are either directed at other defendants to which no response is required or encompass allegations of which City Defendants are without sufficient knowledge or information and, on this basis, deny.

22.     Deny paragraph 64.

23.     Paragraphs 65-67 are either directed at other defendants to which no response is required or encompass allegations of which City Defendants are without sufficient knowledge or information and, on this basis, deny.

24.     Deny paragraph 68.

25.     Paragraph 69 is either directed at other defendants to which no response is required or encompasses allegations of which City Defendants are without sufficient knowledge or information and, on this basis, deny.

26.     Deny paragraph 70, 72, and 74.

27.     Paragraphs 71, 73, and 75 are either directed at other defendants to which no response is required or encompass allegations of which City Defendants are without sufficient knowledge or information and, on this basis, deny.

**COUNTS 1 AND 2 – ADA DISCRIMINATION AND RETALIATION – GET OUT THE FLOAT LLC, LOUIS LAMP, AND FURLANDIA ASSOCIATION**

Page 4 – **CITY DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

KENNETH S. MONTOYA
Montoya Law LLC
350 Mission St. SE, Ste 202
Salem, OR  97302
(503) 990-8436 / (503) 878-8598 (fax)
Kenny@Montoyalaw.org

28.    In response to paragraph 76, City Defendants reallege, admit, and deny as set forth above in response to paragraphs 1 – 75.

29.    Paragraphs 77-85 are directed at other defendants and, as such, no response is required. To the extent a response is deemed necessary, City Defendants deny the allegations insofar as they are alleged against them.

30.    In response to paragraph 86, City Defendants reallege, admit, and deny as set forth above in response to paragraphs 1 – 85.

31.    Paragraphs 87-100 are directed at other defendants and, as such, no response is required. To the extent a response is deemed necessary, City Defendants deny the allegations insofar as they are alleged against them.

**COUNT 3 – ADA DISCRIMINATION – TITLE II (42 U.S.C. § 12132) – CITY OF SEASIDE**

32.    In response to paragraph 101, City Defendants reallege, admit, and deny as set forth above in response to paragraphs 1 - 100.

33.    In response to paragraphs 102 and 103, City Defendants are without sufficient knowledge or information and, on this basis, deny.

34.    In response to paragraph 104, Plaintiff pleads a legal conclusion to which no response is required.

35.    City Defendants deny paragraphs 105 and 106.

36.    Deny paragraphs 107-109.

**COUNT 4 – ADA RETALIATION – TITLE II (42 U.S.C. § 12203) – CITY OF SEASIDE**

37.    In response to paragraph 110, City Defendants reallege, admit, and deny as set forth above in response to paragraphs 1 – 109.

Page 5 – **CITY DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

KENNETH S. MONTOYA
Montoya Law LLC
350 Mission St. SE, Ste 202
Salem, OR  97302
(503) 990-8436 / (503) 878-8598 (fax)
Kenny@Montoyalaw.org

38.    In response to paragraph 111, City Defendants deny that Frank Kaim informed Plaintiff that he needed to remove his service animal, Scout. The remaining allegations are directed toward an unnamed defendant to which no response is required.

39.    In response to paragraph 112, City Defendants are without sufficient knowledge or information to admit or deny the allegations and, as such, deny.

40.    In response to paragraph 113, City Defendants admit Plaintiff claimed Scout was a service dog. City Defendants are without sufficient knowledge or information to admit or deny the remaining allegation and, as such, deny.

41.    In response to paragraph 114, City Defendants admit Plaintiff returned to Get Out the Float (GOTF). However, upon his return, Plaintiff only interacted with GOTF employees such that City Defendants are without sufficient knowledge or information to admit or deny the remaining allegations and, as such, deny.

42.    City Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraphs 115 – 122 and, as such, deny.

43.    Deny paragraph 123.

## COUNT 5 – DISCRIMINATION (ORS) – GET OUT THE FLOAT LLC AND LOUIS LAMP

44.    In response to paragraph 124, City Defendants reallege, admit, and deny as set forth above in response to paragraphs 1 – 123.

45.    In response to paragraphs 125 – 126, City Defendants are without sufficient knowledge or information to admit or deny the allegations and, as such, deny.

Page 6 – **CITY DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

KENNETH S. MONTOYA
Montoya Law LLC
350 Mission St. SE, Ste 202
Salem, OR  97302
(503) 990-8436 / (503) 878-8598 (fax)
Kenny@Montoyalaw.org

46.     Paragraphs 127-132 are directed at other defendants and, as such, no response is required. To the extent a response is deemed necessary, City Defendants deny the allegations insofar as they are alleged against them.

## COUNT 6 – DISCRIMINATION (ORS § 659A.142 and ORS § 659A.143) – CITY OF SEASIDE

47.     In response to paragraph 133, City Defendants reallege, admit, and deny as set forth above in response to paragraphs 1 - 132.

48.     In response to paragraphs 134 and 135, City Defendants are without sufficient knowledge or information to admit or deny and, on this basis, deny.

49.     In response to paragraph 136, admit that City of Seaside owns and operate the Seaside Civic & Convention Center. In response to the remaining allegations in paragraph 136, Plaintiff pleads a legal conclusion to which no response is required.

50.     City Defendants deny paragraphs 137-141.

## COUNT 7 – CIVIL CONSPIRACY – GET OUT THE FLOAT LLC, CITY OF SEASIDE, LOUIS LAMP, FRANK KAIM, JOHN DOE 1

51.     In response to paragraph 142, City Defendants reallege, admit, and deny as set forth above in response to paragraphs 1 – 141.

52.     City Defendants deny paragraph 143.

53.     In response to paragraph 144, City Defendants admit that a SCCC employee stated that the event coordinator wanted Plaintiff removed. Otherwise, deny.

Page 7 – **CITY DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

KENNETH S. MONTOYA
Montoya Law LLC
350 Mission St. SE, Ste 202
Salem, OR  97302
(503) 990-8436 / (503) 878-8598 (fax)
Kenny@Montoyalaw.org

54.    In response to paragraph 145, City Defendants admit that Plaintiff contacted the Seaside Police Department who confirmed that the GOTF event coordinator sought his removal. Deny the remaining allegation in paragraph 145.

55.    In response to paragraph 146, City Defendants admit that Plaintiff called the SCCC general manager who indicated that the GOTF event coordinator sought his removal. Deny the remaining allegation in paragraph 146.

56.    In response to paragraph 147, City Defendants are without sufficient knowledge or information to admit or deny and, on this basis, deny.

57.    Deny paragraphs 148 – 151.

## COUNTS 8 AND 9 – INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND DEFAMATION – GET OUT THE FLOAT LLC AND LOUIS LAMP

58.    In response to paragraph 152, City Defendants reallege, admit, and deny as set forth above in response to paragraphs 1 – 151.

59.    Paragraphs 153-158 are directed at other defendants and, as such, no response is required. To the extent a response is deemed necessary, City Defendants deny the allegations insofar as they are alleged against them.

60.    In response to paragraph 159, City Defendants reallege, admit, and deny as set forth above in response to paragraphs 1 – 158.

61.    Paragraphs 160-165 are directed at other defendants and, as such, no response is required. To the extent a response is deemed necessary, City Defendants deny the allegations insofar as they are alleged against them.

Page 8 – **CITY DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

KENNETH S. MONTOYA
Montoya Law LLC
350 Mission St. SE, Ste 202
Salem, OR  97302
(503) 990-8436 / (503) 878-8598 (fax)
Kenny@Montoyalaw.org

**PRAYER**

62.     Paragraph 166 is a demand for a jury trial to which no response is required.

63.     Deny paragraph 167.

64.     Except as expressly admitted, City Defendants deny every allegation in Plaintiff's First Amended Complaint.

**AFFIRMATIVE DEFENSES**

City Defendants reserve the right to amend or add additional affirmative defenses based on facts later learned, and reserve the right to amend or supplement their response to Plaintiff's Complaint as information is gathered through discovery.

**FOR A FIRST AFFIRMATIVE DEFENSE, City Defendants allege:**

**(Failure to State a Claim)**

65.     Plaintiff's Complaint fails to state facts sufficient to constitute a claim against City Defendants.

**FOR A SECOND AFFIRMATIVE DEFENSE, City Defendants allege:**

**(Non-Discriminatory Reasons for Actions Taken)**

66.     City Defendants and its employees had valid, lawful, objectively reasonable and non-discriminatory grounds for all actions taken with respect to Plaintiff. Such actions were not based on improper motive or taken for any improper purpose. All actions taken by City Defendants with respect to Plaintiff were reasonable and based on legitimate business necessity and safety concerns, barring Plaintiff's claims.

**FOR A THIRD AFFIRMATIVE DEFENSE, City Defendants allege:**

**(Oregon Tort Claims Act)**

Page 9 – **CITY DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

KENNETH S. MONTOYA
Montoya Law LLC
350 Mission St. SE, Ste 202
Salem, OR  97302
(503) 990-8436 / (503) 878-8598 (fax)
Kenny@Montoyalaw.org

67.     To the extent that any of Plaintiff's claims are based on Oregon state law, those claims are subject to all the limitations, conditions, and immunities contained in the Oregon Tort Claims Act, ORS 30.260 et seq.

**FOR A FOURTH AFFIRMATIVE DEFENSE, City Defendants allege:**

**(Intervening Cause)**

68.     Any injury or damages suffered by Plaintiff was not the result of any act or omission of City Defendants but was the result of the intervening actions of others.

**FOR A FIFTH AFFIRMATIVE DEFENSE, City Defendants allege:**

**(Acts of Third Parties)**

69.     Plaintiff's damages, if any, were caused or contributed to in whole or in part by the acts or omissions of third parties.

**FOR A SIXTH AFFIRMATIVE DEFENSE, City Defendants allege:**

**(Qualified Immunity)**

70.     Defendant Kaim's actions did not violate any of Plaintiff's clearly established rights such that he is entitled to qualified immunity.

WHEREFORE, having fully responded to Plaintiff's First Amended Complaint, City Defendants request judgment in their favor and against Plaintiff with an award of costs and attorney fees as the prevailing parties under 42 U.S.C. § 1988.

Page 10 – **CITY DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**

KENNETH S. MONTOYA
Montoya Law LLC
350 Mission St. SE, Ste 202
Salem, OR 97302
(503) 990-8436 / (503) 878-8598 (fax)
Kenny@Montoyalaw.org

DATED this July 8, 2026.

*Dallin M. Snyder*
_____
Dallin M. Snyder, OSB#256020
Keegan C. Murphy, OSB#194264
Kenneth S. Montoya, OSB #064467
Attorneys for Defendants Frank Kaim and
City of Seaside

Page 11 – **CITY DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT**

KENNETH S. MONTOYA
Montoya Law LLC
350 Mission St. SE, Ste 202
Salem, OR 97302
(503) 990-8436 / (503) 878-8598 (fax)
Kenny@Montoyalaw.org

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing CITY DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT on:

Melissa Healy
D. Ryan Mets
Stoel Rives LLP
760 SW North Ave Ste 3000
Portland, OR 97205
    Attorneys for Plaintiff

Will Riddell
1491 Commercial St SE
Salem, OR 97302
    Attorney for Louis Lamp

by the following indicated method or methods:

☒        by **electronic means through the Court's Case Management/Electronic Case File system** on the date set forth below;

        by **emailing** a copy thereof to each attorney at each attorney's last-known email address on the date set forth below;

        by **mailing** a full, true, and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to plaintiff's last-known address listed above and depositing it in the U.S. mail at Salem, Oregon on the date set forth below.

DATED this July 8, 2026.

*Dallin M. Snyder*
_____
Dallin M. Snyder, OSB#256020
Keegan C. Murphy, OSB#194264
Kenneth S. Montoya, OSB #064467
Attorneys for Defendants Frank Kaim and
City of Seaside