**Lauren J. Russell, OSB 154158**
Email: lrussell@dunncarney.com
**Benjamin Eckstein, OSB 175090**
Email: beckstein@dunncarney.com
Dunn Carney Allen Higgins & Tongue LLP
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204
Telephone: 503.224.6440
Facsimile: 503.224.7324

Attorneys for Defendant RAINFURREST ANTHROPOMORPHICS INTERNATIONAL

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**JOSEPH LUNA,**

Plaintiff,

v.

**FRANK HAM, INDIVIDUALLY, LOUIS LAMP, GET OUT THE FLOAT LLC, RAINFURREST ANTHROPOMORPHICS INTERNATIONAL, CITY OF SEASIDE, AND JOHN DOES I-X, INDIVIDUALLY,**

Defendants.

No. 3:26-cv-00398-SI

**DEFENDANT RAINFURREST ANTHROPOMORPHICS INTERNATIONAL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

For its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, Defendant Rainfurrest Anthropomorphics International ("**RAIn**") states as follows:

## I. INTRODUCTION

1. For answer to paragraph 1, Plaintiff Joseph Luna ("**Plaintiff**") characterizes the nature of his claims and his allegations against various parties. To the extent any facts are alleged against Defendant Rainfurrest Anthropomorphics International ("**RAIn**"), **RAIn** denies.

## II. PARTIES

2. For answer to paragraph 2, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

3. For answer to paragraph 3, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

4. For answer to paragraph 4, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

5. For answer to paragraph 5, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

6. For answer to paragraph 6, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

7. RAIn admits paragraph 7.

8. For answer to paragraph 8, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

## III. JURISDICTION & VENUE

9. For answer to paragraph 9, Plaintiff states a legal conclusion to which no response is required.

10. For answer to paragraph 10, Plaintiff states a legal conclusion to which no response is required.

11. For answer to paragraph 11, Plaintiff states a legal conclusion to which no response is required.

## IV. FACTS

12. For answer to paragraph 12, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

13. For answer to paragraph 13, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

14. For answer to paragraph 14, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

15. For answer to paragraph 15, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

16. For answer to paragraph 16, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

17. For answer to paragraph 17, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

**Events Leading to Plaintiff's Exclusion on February 6, 2025**

18. For answer to paragraph 18, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

19. For answer to paragraph 19, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

20. For answer to paragraph 20, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

21. For answer to paragraph 21, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

22. For answer to paragraph 22, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

23. For answer to paragraph 23, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

24. For answer to paragraph 24, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

25. For answer to paragraph 25, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

26. For answer to paragraph 26, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

27. For answer to paragraph 27, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

28. For answer to paragraph 28, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

29. For answer to paragraph 29, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

30. For answer to paragraph 30, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

31. For answer to paragraph 31, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

32. For answer to paragraph 32, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

33. For answer to paragraph 33, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

34. For answer to paragraph 34, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

**Police Contact, Attempted Return without Service Animal and Badge Forfeiture**

35. For answer to paragraph 35, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

36. For answer to paragraph 36, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

37. For answer to paragraph 37, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

38. For answer to paragraph 38, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

39. For answer to paragraph 39, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

40. For answer to paragraph 40, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

**Communications and Removal from Hotel Accommodations**

41. For answer to paragraph 41, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

42. For answer to paragraph 42, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

43. For answer to paragraph 43, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

44. For answer to paragraph 44, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

**Post-GOTF Explanations for Removal and Ban Letter**

45. For answer to paragraph 45, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

46. For answer to paragraph 46, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

47. For answer to paragraph 47, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

48. For answer to paragraph 48, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies

**Rain's Discrimination and Retaliation**

49. For answer to paragraph 49, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff volunteered to assist at the 2025 Furlandia convention "a few weeks later," and denies the allegation on that basis. RAIn admits the remainder of paragraph 49, including that Plaintiff volunteered to assist at the 2025 Furlandia convention .

50. For answer to paragraph 50, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegation related to benefits received by volunteers at GOTF, and denies the allegation on that basis. RAIn admits the remainder of paragraph 50.

51. RAIn admits paragraph 51.

52. RAIn admits paragraph 52.

53. For answer to paragraph 53, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegation related to the reason that Plaintiff did not attend the 2025 Furlandia convention and denies the allegation on that basis. RAIn denies the remainder of paragraph 53.

54. RAIn admits paragraph 54.

55. For answer to paragraph 55, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff "sought to confirm his ability to volunteer at the 2026 Furlandia convention" and denies the allegation on that basis. RAIn denies the remainder of paragraph 55.

56. RAIn admits paragraph 56.

57. RAIn denies that RAIn made an "initial decision to allow him to volunteer" at Furlandia. RAIn admits the remainder of paragraph 57.

58. RAIn admits paragraph 58.

59. RAIn admits paragraph 59.

60. RAIn denies Plaintiff's characterization of his email as a "request[] that Furlandia reconsider or further explain its decision to ban [him] from volunteering." RAIn admits the remainder of paragraph 60.

61. RAIn denies Plaintiff's characterization of his email as a "request for reconsideration or further explanation." RAIn admits the remainder of paragraph 61.

62. RAIn admits paragraph 62.

63. RAIn denies that RAIn "blacklisted" Plaintiff. RAIn admits that Plaintiff was not permitted to volunteer at the 2026 Furlandia convention, and that Plaintiff did not attend the 2026 Furlandia convention. RAIn lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and, on this basis, denies.

**Continuing Discrimination and Retaliation**

64. For answer to paragraph 64, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegation that the conduct he alleges has interfered with his ability to attend and/or volunteer at other conventions and denies the allegation on that basis. RAIn denies the remainder of paragraph 64, including the allegation that RAIn engaged in unlawful discrimination or retaliation.

65. For answer to paragraph 65, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

66. For answer to paragraph 66, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

67. For answer to paragraph 67, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

68. RAIn denies paragraph 68.

69. For answer to paragraph 69, RAIn denies that it has unlawfully discriminated or retaliated against Plaintiff. RAIn lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and, on this basis, denies.

70. For answer to paragraph 70, RAIn denies that RAIn has "blacklisted" Plaintiff from any event. RAIn lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and, on this basis, denies.

71. For answer to paragraph 71, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

72. RAIn denies that RAIn has "blacklisted" Plaintiff from any event. RAIn lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and, on this basis, denies.

73. For answer to paragraph 73, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

74. RAIn denies that RAIn has "blacklisted" Plaintiff from any event. RAIn lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and, on this basis, denies.

75. RAIn denies that RAIn engaged in unlawful discrimination or retaliation. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and, on this basis, denies.

## V. CAUSES OF ACTION

### COUNT 1 – ADA DISCRIMINATION – TITLE III (42 U.S.C. § 12182) – GET OUT THE FLOAT LLC, LOUIS LAMP

76. For answer to paragraph 76, RAIn incorporates its answers to paragraphs 1 through 75 above.

77. Paragraphs 77 through 85 contain allegations directed toward other defendants and on this basis, RAIn denies the same.

**COUNT 2 – ADA RETALIATION – TITLE III (42 U.S.C. § 12203) – GET OUT THE FLOAT LLC, RAINFURREST ANTHROPOMORPHICS INTERNATIONAL**

86. For answer to paragraph 86, RAIn incorporates its answers to paragraphs 1 through 85 above.

87. For answer to paragraph 87, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

88. For answer to paragraph 88, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

89. For answer to paragraph 89, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

90. For answer to paragraph 90, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

91. For answer to paragraph 91, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

92. For answer to paragraph 92, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

93. RAIn denies "confirming [Plaintiff's] ability to volunteer at the 2026 Furlandia convention." RAIn admits the remainder of paragraph 93.

94. RAIn denies that it made an "initial determination about [Plaintiff] volunteering. RAIn admits the remainder of paragraph 94.

95. RAIn denies paragraph 95.

96. For answer to paragraph 96, RAIn lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on this basis, denies.

97. RAIn denies paragraph 97.

98. RAIn denies paragraph 98.

99. RAIn denies paragraph 99.

100. RAIn denies paragraph 100.

**COUNT 3 – ADA DISCRIMINATION – TITLE II (42 U.S.C. § 12132) –**

**CITY OF SEASIDE**

101. For answer to paragraph 101, RAIn incorporates its answers to paragraphs 1 through 100 above.

102. Paragraphs 102 through 109 contain allegations directed toward other defendants and on this basis, RAIn denies the same.

**COUNT 4 – ADA RETALIATION – TITLE II (42 U.S.C. § 12203) –**

**CITY OF SEASIDE**

103. For answer to paragraph 110, RAIn incorporates its answers to paragraphs 1 through 109, above.

104. Paragraphs 111 through 123 contain allegations directed toward other defendants and on this basis, RAIn denies the same.

**COUNT 5 – DISCRIMINATION (ORS § 659A.142 AND ORS § 659A.143) –**

**GET OUT THE FLOAT LLC, LOUIS LAMP**

105. For answer to paragraph 124, RAIn incorporates its answers to paragraphs 1 through 123, above.

106. Paragraphs 125 through 132 contain allegations directed toward other defendants and on this basis, RAIn denies the same.

**COUNT 6 – DISCRIMINATION (ORS § 659A.142 AND ORS § 659A.143) –**

**CITY OF SEASIDE**

107. For answer to paragraph 133, RAIn incorporates its answers to paragraphs 1 through 132, above.

108. Paragraphs 134 through 141 contain allegations directed toward other defendants and on this basis, RAIn denies the same.

**COUNT 7 – CIVIL CONSPIRACY – GET OUT THE FLOAT LLC, CITY OF SEASIDE, LOUIS LAMP, FRANK KAIM, JOHN DOE I**

109. For answer to paragraph 142, RAIn incorporates its answers to paragraphs 1 through 141, above.

110. Paragraphs 143 through 151 contain allegations directed toward other defendants and on this basis, RAIn denies the same.

**COUNT 8 – INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE – GET OUT THE FLOAT LLC, LOUIS LAMP**

111. For answer to paragraph 152, RAIn incorporates its answers to paragraphs 1 through 151, above.

112. Paragraphs 153 through 158 contain allegations directed toward other defendants and on this basis, RAIn denies the same.

**COUNT 9 – DEFAMATION, LOUIS LAMP**

113. For answer to paragraph 159, RAIn incorporates its answers to paragraphs 1 through 158, above.

114. Paragraphs 160 through 165 contain allegations directed toward other defendants and on this basis, RAIn denies the same.

115. Except as expressly admitted herein, RAIn denies all of the allegations contained in Plaintiff's Complaint, and the whole thereof, including, without limitation, Plaintiff's prayer for relief.

**AFFIRMATIVE DEFENSES**

116. Without admitting any of the allegations in Plaintiff's Complaint and without admitting or acknowledging that Defendant bears any burden of proof as to any of them, Defendant asserts the following affirmative defenses to Plaintiff's Complaint:

/ / /

/ / /

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

117. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to state a claim for which relief can be granted, including but not limited to because Plaintiff did not engage in a statutorily protected activity and for lack of causation.

**SECOND AFFIRMATIVE DEFENSE**

**(Legitimate, Non-Retaliatory Reasons for Actions Taken)**

118. RAIn's actions, with respect to the allegations contained in Plaintiff's Complaint, were justified by legitimate business motives, purposes, and reasons and were not retaliatory in nature.

**THIRD AFFIRMATIVE DEFENSE**

**(Direct Threat to Health or Safety)**

119. RAIn's actions, with respect to the allegations contained in Plaintiff's Complaint, were justified by a direct threat to health or safety posed by Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

120. Plaintiff's claims are barred, in whole or in part, by his failure to mitigate his damages.

**FIFTH AFFIRMATIVE DEFENSE**

**(Same Decision)**

121. Plaintiff's claims are barred, in whole or in part, because even assuming *arguendo* that discriminatory or retaliatory reasons were a factor in any decision involving Plaintiff, RAIn would have made the same decision with respect to Plaintiff in any case for legitimate, nondiscriminatory, non-retaliatory business reasons.

/ / /

/ / /

## RESERVATION

122. RAIn has not yet completed an exhaustive investigation into, or discovery of, the allegations, facts, and circumstances of the subject matter of Plaintiff's allegations, and accordingly, RAIn reserves the right to amend, modify, revise, or supplement this Answer and Affirmative Defenses, and to plead such further defenses and affirmative defenses and take such further actions as may be deemed proper and necessary in its defense upon the completion of investigation and discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, RAIn requests the following relief:

1. That Plaintiff take nothing by the Complaint;
2. That the Complaint be dismissed in its entirety with prejudice;
3. For costs of suit incurred herein, including reasonable attorneys' fees; and
4. For such other and further relief as the Court deems just and equitable.

Dated this 8th day of September, 2026.

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP

*<u>/s/ Lauren J. Russell</u>*
**Lauren J. Russell, OSB 154158**
Email: lrussell@dunncarney.com
**Benjamin Eckstein, OSB 175090**
Email: beckstein@dunncarney.com

Telephone: 503.224.6440
Facsimile: 503.224.7324
Attorneys for Defendant RAINFURREST ANTHROPOMORPHICS INTERNATIONAL